Shearer, J.
It seems that the magistrate was beguiled into the belief that the execution of the discharge bond put an end to the ancillary proceedings in garnishment and remitted the creditor to its action on the bond. Manifestly this was so, for he records upon his docket that upon the execution of the discharge bond, he “discharged the attachment, the property and the garnishee.”
While it is true that a discharge bond supersedes proceedings under the attachment from the time it is given, it does not operate as a waiver of prior defects in the proceedings, nor take away the right of the debtor at any time before judgment to move to discharge the attachment. The condition of the bond was that Ross would perform the judgment of the magistrate in the action; that is, the final judgment lawfully rendered. But this in no wise implies that he waives, or is deprived of, the right to object to the attachment upon any lawful ground. Saxton v. Plymire, 3 C. C. Rep., 209.
This being so, the next inquiry is whether the motion was properly overruled.
Plaintiff in error showed by his affidavit that he was entitled under the statute to the benefit of the exemptions he claimed ; and there was no evidence controverting his right. *54 Clearly, then, the motion to discharge the attachment should have been granted, and the refusal to do so was error. Seville v. Wagner, 46 Ohio St. 52.
McFadden, for plaintiff in error.
Earnhart, for defendant in error.
As before stated, the court of common pleas sustained a demurrer to the petition in error filed in that court. Such practice, to say the least, is novel. "We are aware of no precedent warranting it. If there was no error in the record, the judgment should have been affirmed; otherwise it should have ■ been reversed or modified.
The action of the common pleas sustaining the demurrer and rendering judgment for defendant in error for costs, was equivalent to a dismissal of the petition in error ; which was not justifiable by anything found in the record.
It is claimed that Ross did not commence his proceeding in error in the court below in time; and section six thousand five hundred and twenty-five of the Revised Statutes is cited to sustain the contention. This section is not applicable. It relates to proceedings to reverse an order discharging an attachment; not to an order refusing to discharge. The preceding section — six thousand five hundred and twenty-four— controls here; and the remedy therein provided is governed by the general limitation as to proceedings in error.
There is obvious propriety in requiring summary proceedings in a case arising under section six thousand five hundred and twenty-five, which does not obtain where the error complained of is the refusal to discharge.
The proceeding in error in the common pleas was commenced within six months after the rendition of the judgment complained of; and was, therefore, in time.
For the reasons above stated the judgment of the court of common pleas and as well the judgment of the justice of the peace are reversed, with costs; the attachment is discharged,. and this cause remanded to said magistrate for such proceedings as are authorized by law.